IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

**JEFFREY L. HEESCH, JR.,**

    Plaintiff,

v.                                                                         Civil Action No. **3:21CV782**

**FLEX RN,** *et al.*,

    Defendants.

## MEMORANDUM OPINION

Plaintiff, a Virginia inmate proceeding *pro se* and *in forma pauperis*, filed this 42 U.S.C. § 1983 action. In order to state a viable claim under 42 U.S.C. § 1983, a plaintiff must allege that a person acting under color of state law deprived him or her of a constitutional right or of a right conferred by a law of the United States. *See Dowe v. Total Action Against Poverty in Roanoke Valley*, 145 F.3d 653, 658 (4th Cir. 1998) (citing 42 U.S.C. § 1983). Courts must liberally construe *pro se* civil rights complaints in order to address constitutional deprivations. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). Neither "inanimate objects such as buildings, facilities, and grounds" nor collective terms such as "staff" or "agency" are persons who can be sued under § 1983. *Lamb v. Library People Them*, No. 3:13–8–CMC–BHH, 2013 WL 526887, at *2–3 (D.S.C. Jan. 22, 2013) (citations omitted) (internal quotations omitted) (explaining the plaintiff's "use of the collective term 'people them' as a means to name a defendant in a § 1983 claim does not adequately name a 'person'"); *see Preval v. Reno*, No. 99–6950, 2000 WL 20591, at *1 (4th Cir. 2000) (citations omitted) (affirming district court's determination that Piedmont Regional Jail is not a "person" under § 1983).

In his Complaint, Plaintiff did not identify the particular constitutional right that was violated by the defendants' conduct. Plaintiff's allegations also failed to provide each defendant

with fair notice of the facts and legal basis upon which his or her liability rests. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Accordingly, by Memorandum Order entered on April 22, 2022, the Court directed Plaintiff to file a particularized complaint and provided him with clear instructions on how to file such a complaint. (ECF No. 6, at 2.)

On May 2, 2022, the Court received a letter from Plaintiff with no identifying case number. In sum, Plaintiff stated: "I need some help with what you want it. I'm just understand. Can you send someone I can talk to about this. PLZ and thank you and God Bless." (ECF No. 7, at 1.) By Memorandum Order entered on May 10, 2022, the Court explained that it could not provide legal advice to Plaintiff and could not send anyone to the institution to talk to Plaintiff about his ongoing litigation. (ECF No. 8, at 2.) Moreover, the Court noted that Plaintiff's initial complaint demonstrated that Plaintiff had the ability to present his claims to the Court. (ECF No. 8, at 2.) The Court further directed that, if Plaintiff wished to continue with this action, he must file a particularized complaint within fourteen (14) days of the date of entry thereof. (ECF No. 8, at 2.) The Court warned Plaintiff that the failure to submit the particularized complaint would result in the dismissal of the action. (ECF No. 8, at 3.)

More than fourteen (14) days have elapsed since the entry of the May 10, 2022 Memorandum Order. Plaintiff failed to submit a particularized complaint or otherwise respond to the May 10, 2022 Memorandum Order. Accordingly, and pursuant to Federal Rule of Civil Procedure 41(b),[1] the action will be DISMISSED WITHOUT PREJUDICE.

An appropriate order will accompany this Memorandum Opinion.

Date: 6-30-2022
Richmond, Virginia

/s/
M. Hannah Lauck
United States District Judge

---

[1] This Rule allows for dismissal "[i]f the plaintiff fails to prosecute or to comply with [the Federal Rules of Civil Procedure] or a court order." Fed. R. Civ. P. 41(b).